## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT LOUISIANA

*THAMBYMUTHTHU PERINPARASA*

pro se :
A#203-675-750
petitioner

**V.William P Barr,secretary-US**
Attorney general
Scott hassell-chief Warden
lasalle correctional centre

RESPONDENT

**RECEIVED**

MAY 2 2 2020

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY

# PETITION FOR WRIT OF HABEAS CORPUS

Petitioner ,Mr,*PERINPARASA* (herinafter" *Mr.THAMBYMUTHTHU PERINPARASA*")hereby

respectfully  petition this court for a write of habeas corpus,in the united states

disrict court for the western disrict of louisiana ,pursuant to 28 USC 2241

This petition respectfully shows that *Mr.PERINPARASA* ,who has been in custody of respondents

since August 25,2019 is subject to  restaint ,arrest, and detention by respondents

*Mr.PERINPARASA,* asserts that his restraint,arrest and detention is illegal ,against the

constitution of the united states of america ,and an abuse of administrative discretion,as more

particularly alleged below *Mr.PERINPARASA,* bring this action to compel respondents to either

release him or hold an individualized, bond hearing  pursuant to 8 USC 1226 (a) where  the

Executive office of immigration Review will consider  whether condition may be placed upon

*Mr.PERINPARASA ,* release that will resonably ensure that he will pose no danger to the

community

And will not pose a risk of flight .if such conditions are found to exit **Mr.PERINPARASA** ,shall be

released from custody

# JURISDICTION

1. This court subject matter jurisdiction over the petition for writ of Habeas corpus pursuant to 28 U.S.C 2241,28 U.S.C1331,and article 1,9,el.2 of the united states Constitution, the All writs Act:28 U.S.C Administrative Procedure Act,5 U.S.C.701,And for injunctive relief and the declaratory judgment Act,28U.S.C 2201.petitioners current detention as enforced by Respondent constitutes a ,server restrain on [Petitioner s] individual liberty, such that petitioner is` in custody, in violation of the laws of the united states,See Hensley v municipal Court,411 U.S.345,351 (1973)

# VENUE

2.Venue properly lies in the western District of louisiana,as the events leading to this petition,including petitioner's removal proceeding ,have been conducted with in this District. Further ,28 U.S.C.1391(e) dictates that a civil action in which a defendant is an officer or employee of the United states … may..be brought in any judicial jurisdiction in which (1) defendant is the action resides,(2) a substaintial part of acts or omissions giving rise to the claim occurred,or a substantial part of the property that is the subject of the action is situated,or

93)the plaintiff resides if no real property is involved in section.lastly venue is proper because, when a facility detains a Petitioner pursuant to a service agreement with a governmental agency proper Respondents to a habeas petition are the government agency and supervisory officials, See calderon v, session,2018 WL 354704(SDNY july 24.2018)

**page:02**

# THE PARTIES

3.Petitioner *Mr.PERINPARASA* , is currently being detained at the *Lasalle correctional centre*

*Located at 15976,High way 165,olla la71465*

4    Respondent *MR,David Rivera* is named in his official capacity as the field Office Director

of louisiana ,field office for immigration and Custom enforcement with in the united states

department of Homeland security.in this capacity,he is the immediate custodian of the petitioner

additionally,he is responsible  for the administration of immigration laws and the excution of

detention and removal determinations.respondent  *Mr. David Rivera* address is office of

Enforcement and removal operations *,louisiana field Office,1250 poydras street,suite 325.New*
*Orleans,LA 70113*

5.  Respondent  the secretary of homeland security in the United states department of
Homeland security

in this capacity,she is responsible for the administration of the immigration laws pursuant to

103(a) of the immigration and nationality Act(INA),8 U.S.C 1103(a) (2007),and is legally

responsible for pursing petitioner's detention and removal,and as such is the legal custodial of

petitioner.respondent Nielsen's address is U.S.Department of Homeland security ,Washington

District of colombia 20528

6.  Respondent Matthew Whitaker is named in his official capacity as the attorney general of
the Unied states.in this capacity,he is responsible for the administration of the immigration

laws as exercised by the e review executive office for immigration Review pursuant to INA

103(g) 8U.S.C 1103(g), and is legally responsible for administering petitioners removal

proceeding and that standards used in those proceedings,and as such is legal custodian of

petitioner.Respondent Whitaker's address is the U.S.department of justice 950 Pennsylvania
Avenue ,N.W.Washington.District of coumbia 20530

# EXHAUSTION OF REMEDIES

7 .there is no statutory requirement of exhaustion of administrative remedies where a noncitizen challenges the lawfulness of his detention See louisaire v.muller ,758 F.Supp 2d 229,234(S.D.N.Y.2009).any requirement of administrative exhaustion in therefore purely discretionary

8.  in making that dicision the court should consider the urgency of the need for immediate review

where a person is detained by executive order …. the need for collateral review is most pressing ...In this context the need for habeas corpus is more urgent See boumediene v.bush 553 U.S.783(2008) (waiving administrative exhaustion for executive detainees)

9.  Further ,the BIA (Board of immigrationAppeals )does not have jurisdiction to adjudicate constitutionl issues ...(quoations and citation omitted).united states v.Gonzalez roque,301 F.3d 39,48(2d Cir.2002) because petitioner raises a constitutional due process claim in his habeas petition,exhaustion of his due process claim would be futile

10.A request for release on humanitarian parole under 8 U.S.C.1182(d)(5)(A)would also be futile

parole review is conducted informally by DHS officers--- the jailing authority –by checking a box on a form that contains no factual findings,no  specific explanation,and no evidence of delibration there is no hearing,no record and no adminrative appeal from a negative parole decision,even to manifest errors See Arias v.Aviles,2016 WL3906738 (S.D.N.Y2016); Rodriguez,v.Robbins ,804F.3d 1060.1081 (9th cir.2015),cert,grated sub nom.jennings v. Rodriguez,136.S.Ct.2489,195 L.Ed 2d 821(2018) (identifying denials of parole based on blatant errors In two separates cases … officers

**page:04**

apparently denied parole because they had confused ethiopia with somalia And in a third case an,officer Denied parole because he had mixed up two detainees'files.)

## DECISION CHALLENGED IN THIS PETITION

11.*PERINPARASA ,* is challenging the decision of respondent and department of Homeland security that he as noncitizen criminal is subject to non-reviewable mandatory pursuant to 8 USC 1226(c) (1) (B) pending his deportation hearing and therefore denied him a bond due to his testimony he demonstrated about his journey to the United states and entering undocumented

12. The respondent rational for the denial off a bond hearing is pursuant to 8 USA 1226(c) 1)(B) since *Mr.PERINPARASA ,* Is a non -citizen, the attorney general may rake him into custody at any time,keep him in custody pending the deportation determination ,and that pursuant to 8 USC 1226 (c) the EOIR and other Courts do not have jurisdiction review of the Attorney General's custody determination.

## BACKGROUND

13.petitioner is HINDU, A Native and citizen of SRILANKAand DOB is 07/30/1985 He was admitted to the United states at border MEXICALI CALIFORNIA on 08/25/2019

seeking asylum , on 09/06/2019 interview on tallahatchie misisippi but my bad luck unportunalty credible is negetive but,found credible I was mostly affected my country and heavy tourture and many burn injurys in behind of my chest I am attached too some medical as well I am explain everything but they not accepted my case

on 24.OCTOBER ,2019 the Oakdale immigration court of judge decision is no appeal rights final order is deportation (IJ)

again I has been appeal my interview officer on,11/20/2019 then they give me a one opportunity again interview on 01/27/2020 in taxas facility that interview too denied petitioners application for asylum,withholding of removal under section 241(b)(3)The court determined that petitioner did not warrant a favorable exercise of discretion because of his testimony finding was made dispite non-credible testimony offered.This finding was made despite Credible testimony

I have signed the deporatation papers on n which means  few months before filling this writ

15.Although the petitioner condition has changed he is still detained pursuant  to section 1226(c)as a result of the government's policy  of forbearance See  Eftahiadvid v. Holder,752F. 3D591,599 n.5(2d Cir 2014)while a petition in this Court, the government's forbearance policy assures that the filling of a motion to stay removal,as has been done here,will suffice to prevent removal)Argueta Aniriba,190F.Supp.3d at349 (Forrest,J) ( Agreeing that the filling of the motion for a stay or removal,when combined with the forbearance policy,serves to all toll the removal period)

## VI    LEGAL ARGUMENTS

16.The continued detention of non-citizen who is challenging the removal from the united states indefinitely violated due process.

17.The due process Clause of the fifth Amendment to the united states constitution provides that [n] o person Shall... be deprived of life,liberty,property,without due to process of law .U.S Const.amends V.41. Procedural due process requires that the government be constrained before it acts in a way that deprived individuals of liberty  interest  protected under the  due process Clause of the fifth Amendment

18.Freedom from imprisonment—from government costody ,detention,or other forms of physical restraint—lies  at the heart of the liberty interest that the due process Clause protect zadvydas v.Davis,533 U.S.690.This liberty interest applies equally to aliens present with in the United states.The Supreme Court has repeatedly recognized that the due process Clause applies to all people within the united states,including aliens,whether their presence here is lawful,

**page:06**

unlawful,temporary,or permanent. Id at 693; see_ Reno v.Flores,507 U.S.292,306(1993) (It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings.)

19.Due process does apply to petitioner. To the extent that the Government would argue that petitioner is precluded from challenging his detention, petitioner would assert that due process protections extend to all aliens present in the united states and that even those subject to mandatory detention have protection under the law.See Demore v.Kin ,538 U.S.510(2003) (holding that mandatory detention is constitutional only for the brief period of time needed to complete removal proceedings).

20.Here in this case, *Mr.PERINPARASA* , has established that he has been detained

for more than six unencumbered month He has also provided evidence that he should not be penalize because he is exercising his right to challenge removal by requiring him to be detained while he exercise that right In addition,Congress did not intend the mandatory detention provision of 1226(c)to apply to individuals plucked out of the communities they have reintegrated into,and that the continued detention of , *Mr.PERINPARASA* ,without individualized hearing to determine whether he is a flight risk or a danger to the community is inconsisent with the United states constitution

accordingly,this court must holds that , *Mr.PERINPARASA* ,is entitled to relese unless he is provided with an individual bond hearing .See_ Araujo-Cortes v Shanahan,14-cv-4231(New york)

**page :07**

21. In addition:In Ngo v.INS,192F.3d.390,397(3d Cir.1999)The third Circuit Court of appeals recognized the applicability of these fundamental principles by explain that long term detention of an alien ordered removed passes constitutional muster only if there are adequate and reasonable provisions for the grand of people....and ...detention is necessary to prevent a risk of flight

or a threat to the community .Our Court of Appeals elaborated that the assessment of flight risk and danger to the community must be made on current basis .ID" To presume dangerousness to the community and risk of flight based solely on [an aliens]past record does not satisfy due process" Id.at 398-99.

22 ).*Mr.PERINPARASA* ,herein request that this court grant his application for an order releasing him from immigration detention or for an order granting a bond hearing pursuant to 8 U.S.C 1226(a) determine whether Petitioner's entering the country illegal seeking asylum still makes him a danger to the community and a flight risk

# PRAYER FOR RELIEF

*WHEREFORE*, Petitioner prays that this court grant the following relief ,

a) Assume jurisdiction over the matter ,

b) Order respondent to show cause,why the writ of habeas corpus should not be granded, and

set a hearing on this matter pursuant to 28 U.S.C.2243,

c) Grant the writ of habeas corpus and other petitioner's immidiate release from custody

under reasonable  conditions of supervision ;or in the alternative,order a constitutionally

adequate hearing where Respondent must demostrate that Petitioner's continued detention is

justified

d)  Declare that respondent's detention of petitioner violates the due Process Clause of the

fifth amendment because it bears no reasonable relation to a legitimate governmental purpose,

and/ or because Respondent have failed to provide him with a hearing where the government

bears the burden of showing that such prolonged detention is justified;

e)  Order Respondent to refrain from transferring the Petitioner out of the jurisdiction of the

Louisiana field office director (*David rivera*)  during the pendency of these proceeding and

while the petitioner remains in Respondent's  Custody .

f)And grant any other and further relief that this court deems just and proper

**Date ;May,19.2020**
Olla,louisiana 71465

05/18/2020

Respectfully submitted,

**Mr,Thambymuththu perinparasa**
**A#203-675-750**
**Lasalle correctional centre**
**15976.high way 165**
**Olla,La 71465**

**page:09**

# CERTIFICATE OF SERVICE

I, *Mr.PERINPARASA* ,certified that on *May,19.2020,* I caused to service on

Respondent's a copy of the petitioner's **Habeas corpus** via facility mailbox ,address to ,

**ICE field director**
**Immigration & custom Enforcement**
**1250 poydras street Suite 325**
**New Orleans,LA 70113**

**Attorney General**
**U.S.Department of Justice**
**950 Pennsylvania Avenue,NW**
**washington,DC 20530-0001**

I,**Thambymuththu perinparasa,**Also certify that this document was given to prison

official on May.19.2020.for forwarding to the *United states district Court of the western Louisiana* I certify under penalty of perjury that the forgoing is true and correct.28 U.S.C

sec.1746

Respectfully Submitte,

------------------------------------------------------

**Mr,Thambymuththu perinparasa**
**A#203-675-750**
**Lasalle correctional centre**
**15976.high way 165**
**Olla,LA 71465**

IMMIGRATION COURT
1900 EAST WHATLEY ROAD
OAKDALE, LA 71463

TO:

    THAMBYMUTHTHU, PERINPARASA
    DHS/ICE
    PINE PRAIRIE CORRECTIONAL CENT
    1133 HAMPTON DUPRE ROAD
    PINE PRAIRIE, LA   70576

FILE: A203-675-750

RE:    THAMBYMUTHTHU, PERINPARASA


NOTICE OF REVIEW OF CREDIBLE FEAR DETERMINATION


PLEASE TAKE NOTE THAT YOUR REQUEST FOR REVIEW OF THE DHS CREDIBLE FEAR
DETERMINATION HAS BEEN SCHEDULED/RESCHEDULED BEFORE THE IMMIGRATION COURT
ON Oct 23, 2019 AT 08:00 A.M. AT THE FOLLOWING ADDRESS:

                    1900 East Whatley Road Courtroom #2
                    OAKDALE, LA   71463

YOU MAY CONSULT WITH A PERSON OR PERSONS OF YOUR CHOOSING PRIOR TO THE REVIEW.
SUCH CONSULTATION IS AT NO EXPENSE TO THE GOVERNMENT AND MAY NOT
UNREASONABLY DELAY THE PROCESS.

IN THE EVENT THAT YOU ARE RELEASED FROM CUSTODY, YOU MUST IMMEDIATELY REPORT
ANY CHANGE IN YOUR ADDRESS AND TELEPHONE NUMBER TO THE IMMIGRATION COURT ON
THE ATTACHED FORM EOIR-33.   IF YOU FAIL TO PROVIDE AN ADDRESS, YOUR SCHEDULED
REVIEW MAY BE HELD IN YOUR ABSENCE.

FOR INFORMATION REGARDING THE STATUS OF YOUR CASE, CALL TOLL FREE
1-800-898-7180 OR 240-314-1500.


                        CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN   [ ] ALIEN c/o Custodial Officer   [ ] ALIEN's ATT/REP   [ ] DHS
DATE: _10/10/19_        BY: COURT STAFF_____
    Attachments:   [ ] EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other

                                                                    U4

IMMIGRATION COURT
1900 EAST WHATLEY ROAD
OAKDALE, LA  71463

In the Matter of:                          Case No:   A203-675-750

THAMBYMUTHTHU, PERINPARASA
                                           IN: CREDIBLE FEAR REVIEW PROCEEDINGS
            Respondent

ORDER OF THE IMMIGRATION JUDGE

On Oct 23, 2019 at 08:00 A.M. a review of the DHS Credible Fear Determination
was held in the matter noted above. Testimony [  ] was  [X] was not
taken regarding the background of the Applicant and the Applicant's fear
of returning to his/her country of origin or last habitual residence.

After consideration of the evidence, the Court finds that the Applicant
[  ] has  [X] has not established a significant possibility that he/she
would be persecuted on the basis of his/her race, religion, nationality,
membership in a particular social group, or because of his/her political
opinion.

The Court further finds that the Applicant [  ] has [X] has not
established a significant possibility that he/she would be intentionally
subjected to serious physical or mental harm inflicted by, or at the
instigation of, or with the consent or acquiescence of, a government official
or other person acting in an official capacity.


ORDER:  It is hereby ordered that the decision of the immigration officer is:

        [X ]  Affirmed, and the case is returned to the DHS for removal of the
              alien.

        [  ]  Vacated.

        This is a final order. There is no appeal available.


DONE and ORDERED this _____ day of _____, 20__ .


                                        _____
                                        JOHN A. DUCK, JR.
                                        Immigration Judge


                          CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO:  [/] ALIEN  [ ] ALIEN c/o Custodial Officer  [M] ALIEN's ATT/REP  [/] DHS
DATE: _____        BY:  COURT STAFF _____
      Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

                                                                        U2

Mx
Initial mx done.
Cap cuter for 3 mts
Dressing applied : Jonalane
Iv A/B cefuroxime 750mg duly
3 days

T. Peen 1g tds
T. Diclofenac Na 50 mg bd
T. cefuroxime 500mg bd
Cap. Omeprazole 20mg od    / 1/52
Fusidic acid 1/2 tab

Review in 2 weeks.



**GENIUS HOSPITAL**
**AKKARAIPATTU**
Telefax:(+94)067 22 77 3 22
Director:(+94)060 20 76 36 6
E-mail:genius.hospital@gmail.com

# DIAGNOSIS CARD

Original

Blood Group:

DOA: 2019 03 03

DOD: 2019.03 05

BHT No: 495/19. Sx

Name of the Patient: Thambymuththu. Perinparasa.

Age & Sex: 34/yr Male

Address. Cultural hall road, Akkaraipattu.

Burn in back of body by unknown persons on 2019.03 03. pt admitted with complain of multiple burns in back of body, fever, pain, redness, mild swelling.



Stamp

Dr. TSRTR. RAJAN
SLMC Reg No
GENIUS HOSPITAL (PVT) LTD
AKKARAIPATTU
SRI LANKA

Genius Hospital (pvt) Ltd, 53, A.V.V.Road, Akkaraipattu, Srilanka.Reception:+9467 2277322,Email:genius.hospital@gmail.com
Registered under Private Health Regulatory Council (PHSRC) of Ministry of Health, Srilanka

Please turn over for the details of management