a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

THAMBYMUTHTHU                    CIVIL DOCKET NO. 1:20-CV-00664-P
PERINPARASA,
Petitioner

VERSUS                            JUDGE DRELL

ATTORNEY GENERAL, *ET AL.,*       MAGISTRATE JUDGE PEREZ-MONTES
Respondents

---

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Thambymuththu Perinparasa ("Perinparasa") (A# 206237782).   Perinparasa is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE").   He is being detained at the LaSalle Detention Center in Jena, Louisiana.

To determine whether Perinparasa's continued detention pending removal is constitutional, his Petition will be SERVED.

## I.   Background

Perinparasa is a native and citizen of Sri Lanka.  ECF No. 1 at 5.  Perinparasa arrived in the United States seeking asylum on August 25, 2019.  ECF No. 1 at 5. On October 24, 2019, an immigration judge denied asylum and ordered that Perinparasa be removed.  (Doc. 1, p. 2).  Since then, he has remained in ICE custody awaiting removal.

## II.   Law and Analysis

Pursuant to the REAL ID Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C.A. § 1252(a)(5); *Shah v. Dir., Jackson Par. Correctional Ctr.*, 3:19-CV-1164, 2019 WL 4254139, at *2 (W.D. La. Sept. 6, 2019).   Therefore, to the extent Perinparasa challenges his order of removal, this Court lacks jurisdiction.  *See Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019).

The Court also lacks jurisdiction over any challenge to the denial of asylum. Notwithstanding any other habeas corpus provision—including § 2241—"no court shall have jurisdiction to review" any other "individual determination" or "claim arising from or relating to the implementation or operation of an order of [expedited] removal." *Dep't of Homeland Sec. v. Thuraissigiam*, 19-CV-161, 2020 WL 3454809, at *5 (U.S. June 25, 2020) (citing § 1252(a)(2)(A)(i)).  In particular, courts may not review the determination that an alien lacks a credible fear of persecution. *Id.* (citing § 1252(a)(2)(A)(iii); §§ 1252(a)(2)(A)(ii), (iv)).

However, the Court may have jurisdiction over Perinparasa's challenge to his continued detention pending removal under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

To determine whether Perinparasa is entitled to relief:

THE CLERK IS DIRECTED to serve a summons, a copy of the Petition (ECF Nos. 1, 6), and a copy of this Order, by certified mail, on the United States through

the United States Attorney for the Western District of Louisiana, the United States Attorney General, DHS/ICE through its Director, and the Warden of the LaSalle Correctional Center.

IT IS ORDERED that Respondents file an answer to the Petition (ECF Nos. 1, 6) within 60 days following the date of service.  In the answer, Respondents shall identify the provision(s) under which Petitioner is being detained and state whether Petitioner is entitled to a bond hearing.  Respondents shall also provide the Court with summary judgment evidence indicating whether Petitioner's order of removal is final, whether there is a significant likelihood of removal in the reasonably foreseeable future, and whether Petitioner's detention is otherwise lawful.  This evidence shall include information regarding the length of time that he has been in custody, the date on which his removal order became final, any administrative decisions relating to Petitioner's request for bond, and all documents relevant to the efforts made by the immigration officials to obtain travel documents for Petitioner.

Respondents shall also file a memorandum of law briefing the issues raised in the answer and citing applicable statutory and case law.

IT IS FURTHER ORDERED that Petitioner shall have 30 days following the filing of Respondents' answer to produce contradictory summary judgment evidence on the issue of the lawfulness of his detention.

All documentary exhibits MUST HAVE PROPERLY NUMBERED PAGES. An index describing each item attached to the response and showing each item's page number shall also be attached.

FINALLY, IT IS ORDERED that, as a condition to their acceptance by the Clerk, all future filings by Petitioner and Respondents shall include a certificate stating that a copy thereof has been mailed to all other parties.

After the record is complete and all delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 10th day of July 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE