a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| THAMBYMUTHTHU PERINPARASA #A203-675-750, Plaintiff | CIVIL DOCKET NO. 1:20-CV-00664 SEC P |
| VERSUS | JUDGE DRELL |
| WILLIAM P BARR ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Thambymuththu Perinparasa ("Perinparasa"). Perinparasa is an immigration detainee in the custody of U.S. Immigration and Customs Enforcement. He is being detained at the Allen Parish Jail in Oberlin, Louisiana.

Because Perinparasa has not shown that he is entitled to release, his § 2241 Petition (ECF No. 6) should be DENIED and DISMISSED.

### I. Background

Perinparasa is a native and citizen of Sri Lanka. ECF No. 1 at 5. Perinparasa arrived in the United States seeking asylum on August 25, 2019. *Id.* On October 24, 2019, an immigration judge denied asylum and ordered Perinparasa's removal. ECF No. 1 at 2. Since then, he has remained in ICE custody awaiting removal.

## II. Law and Analysis

To the extent Perinparasa challenges his order of removal or the denial of asylum, the Court lacks jurisdiction under the REAL ID Act. 8 U.S.C. § 1252(a)(5); *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005).

Perinparasa clearly challenges his continued detention pending removal under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under *Zadvydas*, it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal. *Id.* at 701. After the six-months, a detainee may seek release by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Not every detainee in custody will be entitled to automatic release after the six-month period expires.

In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the United States Court of Appeals for the Fifth Circuit reiterated *Zadvydas* creates no specific limits on detention. In fact, a detainee may be detained until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Id.* And the detainee must offer more than conclusory statements to support the claim. *Id.*

Perinparasa has not provided good reason why his removal is not likely to occur in the reasonably foreseeable future. According to a Declaration of Acting Field Office Director Quincy Hodges, Perinparasa initially failed to assist in his removal. ECF

No. 16-1 at 1-2. On February 12, 2020, once Perinparasa complied and signed the necessary documents, a request for a travel document was submitted to the Consulate of Sri Lanka. ECF No. 16-1 at 2. The Sri Lankan government indicated that no travel document could be issued prior to August 1, 2020, presumably due to the pandemic. *Id.* The travel document request remains pending. *Id.*

The Government argues that the Sri Lankan government is generally responsive to travel document requests. ECF No. 16 at 2. In fact, another Sri Lankan detainee before the Court was recently removed to Sri Lanka. *See Ketheeswaran v. Barr, et al.*, 1:20-CV-00744, ECF No. 20-2 at 2. Perinparasa has not alleged any reason why Sri Lanka would not issue a travel document for his removal. Even though Perinparasa has been detained over six months, he offers no reason why there is no significant likelihood of removal in the reasonably foreseeable future. Therefore, his *Zadvydas* claim fails.

### III. Conclusion

Because Perinparasa is not entitled to release, IT IS RECOMMENDED that his Petition (ECF No. 6) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, March 17, 2021.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE